UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


EDWARD WILLIAM TAYLOR,

       Petitioner,

                                             CASE No. 1:18-cv-285
v.

                                             HON. ROBERT J. JONKER
TONY TRIERWEILER,

       Respondent.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (ECF No. 6)

and Petitioner's Objections to it. (ECF No. 7). Under the Federal Rules of Civil Procedure, where,

as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . .

has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he

or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE

§ 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the
> magistrate judge's disposition that has been properly objected to.
> The district judge may accept, reject, or modify the recommended
> disposition; receive further evidence; or return the matter to the
> magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the

evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Petitioner's objections. The Magistrate Judge

recommends that the petition be denied because it is barred by the one-year statute of limitations. The Magistrate also recommends denying Petitioner a certificate of appealability. After its review, the Court finds that Magistrate Judge Kent's Report and Recommendation is factually sound and legally correct.

Petitioner contends the Magistrate erred by applying the Supreme Court's decision in *Schlup v. Delo*, 513 U.S. 298 (1995) because the rule is not found within the Constitution; that the Magistrate failed to accurately summarize documents Petitioner has submitted; and that the Magistrate failed to review the entirety of Petitioner's brief. Petitioner's objections are meritless. The Magistrate Judge's Report and Recommendation accurately describes the applicable law and the binding precedents of the United States Supreme Court. *Schlup* is entirely on point. Furthermore the Magistrate plainly reviewed the entire record and correctly found that Petitioner utterly fails to meet the high hurdle of showing actual innocence so as to excuse the untimely petition. The Court concludes that Petitioner is not entitled to federal habeas relief, for the very reasons detailed in the Report and Recommendation of the Magistrate Judge.

## CERTIFICATE OF APPEALABILITY

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); *see also Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be

issued "only if the applicant has made a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2).

To make this showing, the petitioner must demonstrate that reasonable jurists could "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983)). When a district court rejects a habeas petition on the merits, the required "substantial showing" is "straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

In this case, Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, he is not entitled to a certificate of appealability.

**ACCORDINGLY, IT IS ORDERED:**

1. The Report and Recommendation of the Magistrate Judge (ECF No. 6) is **APPROVED and ADOPTED** as the Opinion of this Court.

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED** and this case is **DISMISSED.**

3. Petitioner is **DENIED** a Certificate of Appealability.

A separate judgment shall issue.

Dated:      June 9, 2018              /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      CHIEF UNITED STATES DISTRICT JUDGE